UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LYNN C. CALER,

      Petitioner,

                                      Case No. 2:09-CV-13307
                                      Honorable Nancy G. Edmunds

v.

THOMAS BELL,

      Respondent.
_____/

## OPINION AND ORDER TRANSFERRING
## CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT
## PURSUANT TO 28 U.S.C. §2244(b)(3)(A)

Pending before the Court is Petitioner Lynn C. Caler's *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner is a state inmate currently incarcerated at Parr Highway Correctional Facility, in Adrian, Michigan. Petitioner challenges his conviction of two counts of first-degree sexual conduct, Mich. Comp. Laws §750.520b(1)(B). For the reasons stated below, the Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §2244(b)(3)(A) for authorization to file a second or successive habeas petition.

### I. BACKGROUND

On January 17, 2002, Petitioner filed a habeas corpus petition in the United States District Court for the Western District of Michigan before Judge David W. McKeague. The case was referred to Magistrate Judge Timothy P. Greeley. Magistrate Judge Greeley

prepared a report and recommendation dismissing the habeas petition without prejudice on exhaustion grounds.[1] Judge McKeague entered an order approving the report and recommendation and dismissed the case without prejudice on April 4, 1994. See *Caler v. Jones,* No. 02-CV-00034 (W.D. Mich. April 4, 2004).

On March 9, 2006, Petitioner filed another habeas petition in the Western District, but the matter was before Judge Janet T. Neff. The case was referred to Magistrate Judge Hugh W. Brenneman, Jr. The habeas petition was reviewed on the merits  Magistrate Judge Brenneman, Jr. filed a report and recommendation dismissing the habeas petition with prejudice. Judge Neff entered a final order adopting the report and recommendation and dismissed the case with prejudice on February 20, 2009. See *Caler v. Howes,* No. 06-CV-00172 (W.D. Mich. Feb. 20, 2009). Petitioner filed an objection to the report and recommendation, a motion for relief from judgment, and a motion for reconsideration on March 4, 2009. On August 14, 2009, the court entered an order denying each of Petitioner's motions. On August 31, 2009, Petitioner filed a response to the court's August 14, 2009 order.

On August 21, 2009, Petitioner filed the pending habeas corpus petition.

## II. DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A); *In re Wilson,* 142 F.3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have

---

[1] Alternatively, Magistrate Judge Greeley recommended that the habeas petition be dismissed with prejudice as he found Petitioner's claims to be without merit.

jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer,* 36 F.Supp.2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the fling of a second or successive petition, a district court in the Sixth Circuit Court must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; see also *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

In the present case, Petitioner has previously filed a habeas petition with the federal courts challenging the same conviction as that which is presently being challenged in this court. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of this petition if it had been dismissed without prejudice on exhaustion grounds, see *Harris v. Stovall,* 22 F.Supp.2d 659, 664 (E.D. Mich. 1998), Petitioner's prior habeas petition was dismissed with prejudice because it was reviewed on the merits and a determination was made that habeas relief was not warranted. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

It is appropriate for this Court to consider the issue of second or successive petition*s sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See *Williams v. Stegall,* 945 F.Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive petition, it would be error for this Court to review the petition rather than transfer it to the Sixth Circuit,

because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gate keeping provisions. *Corrao v. United States,* 152 F.3d 188, 190-91 (2nd Cir. 1998).

### III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. §2244(b)(3)(A).

Accordingly,

IT IS ORDERED that the Clerk of the Court **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. §1631 and *In re Sims,* 111 F. 3d at 47.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 11, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4